UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. McGUIRE, | No.  2:14-cv-2293-EFB P |
| Plaintiff, | |
| v. | ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |
| YOLO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff, a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983,[1] has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1    **II.    Screening Requirement and Standards**

2         Federal courts must engage in a preliminary screening of cases in which prisoners seek

3    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7    relief."  *Id.* § 1915A(b).

8         A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15   U.S. 662, 679 (2009).

16        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

20   678.

21        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28   /////

1   **III.    Screening Order**

2          Plaintiff's complaint (ECF No. 1) must be dismissed with leave to amend for failure to

3   state a claim.  The complaint alleges the following:

> On May 28th McGuire was put into mainline housing unit.  On May 29th McGuire
> was pulled from mainline housing unit and placed in segregated housing unit cause
> another race (Hispanics) [posed] a threat toward McGuire "allegedly."  Therefore
> McGuire is to remain in segregated housing till his release date for the safety and
> security of the facility without the ability to attend the programs and rehabilitation
> the jail offers.  He must sit in 23 hours lockdown for the rest of his sentence.
> McGuire has been disciplinary free for over 5 months (no violence).

ECF No. 1, § IV.  Plaintiff names the Yolo County Sheriff's Department and the Monroe

Detention Center as defendants.  The complaint is devoid of any allegations linking these

defendants to any violation of plaintiff's federal rights.  The complaint also fails to allege who

placed plaintiff in administrative segregation, or how he has been harmed by his placement

therein.  Under the applicable legal standards, discussed below, the complaint must be dismissed

for failure to state a claim.  To proceed, plaintiff must file an amended complaint.

       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*,

487 U.S. 42, 48 (1988).   An individual defendant is not liable on a civil rights claim unless the

facts establish the defendant's personal involvement in the constitutional deprivation or a causal

connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

*See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

(9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009).  In sum, plaintiff must identify the particular person or persons who violated his rights.

He must also plead facts showing how that particular person was involved in the alleged

violation.

/////

1   A municipal entity or its departments is liable under section 1983 only if plaintiff shows

2   that his constitutional injury was caused by employees acting pursuant to the municipality's

3   policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977);

4   *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic*

5   *Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  Here, plaintiff fails to state a claim against the

6   Yolo County Sheriff's Department or the Monroe Detention Center because he has not

7   sufficiently alleged that he was injured as a result of employees acting pursuant to any policy or

8   custom of the County.  Local government entities may not be held vicariously liable under section

9   1983 for the unconstitutional acts of its employees under a theory of respondeat superior.  *See*

10  *Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

11      The Eighth Amendment protects prisoners from inhumane methods of punishment and

12  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

13  2006).  To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to

14  support a claim that prison officials knew of and disregarded a substantial risk of serious harm to

15  the plaintiff.  *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124,

16  1128 (9th Cir. 1998).  Extreme deprivations are required to make out a conditions of confinement

17  claim, and only those deprivations denying the minimal civilized measure of life's necessities are

18  sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

19  503 U.S. 1, 9 (1992).  Prison officials "must provide humane conditions of confinement,"

20  including "adequate food, clothing, shelter, and medical care."  *Farmer*, 511 U.S. at 832-33.  As

21  drafted, the complaint fails to show that plaintiff's conditions of confinement in administrative

22  segregation amounted to cruel and unusual punishment.

23      Plaintiff is granted leave to file an amended complaint to attempt to allege a cognizable

24  legal theory against a proper defendant and sufficient facts in support of that cognizable legal

25  theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must

26  afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

27  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set

28  forth the claims and allegations against each defendant.

1    Any amended complaint must not exceed the scope of this order and may not add new,

2    unrelated claims.  Further, any amended complaint must cure the deficiencies identified above

3    and also adhere to the following requirements:

4    Any amended complaint must identify as a defendant only persons who personally

5    participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

6    *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

7    constitutional right if he does an act, participates in another's act or omits to perform an act he is

8    legally required to do that causes the alleged deprivation).   It must also contain a caption

9    including the names of all defendants. Fed. R. Civ. P. 10(a).

10    Any amended complaint must be written or typed so that it so that it is complete in itself

11    without reference to any earlier filed complaint. L.R. 220.  This is because an amended

12    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

13    earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

14    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

15    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

16    1967)).

17    Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

18    Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

19    *See* E.D. Cal. L.R. 110.

20    Accordingly, IT IS HEREBY ORDERED that:

21    1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

22    2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

23        accordance with the notice to the Sheriff of Yolo County filed concurrently herewith.

24    3.  The complaint is dismissed with leave to amend within 30 days.  The amended

25        complaint must bear the docket number assigned to this case and be titled "First

26        Amended Complaint."  Failure to comply with this order will result in this action

27        being dismissed for failure to state a claim. If plaintiff files an amended complaint

28    /////

stating a cognizable claim the court will proceed with service of process by the United

States Marshal.

Dated:  December 7, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE